IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TRAFFIC INFORMATION, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BANK OF AMERICA CORPORATION, | § | C.A. NO. 2:11-cv-00343-DF |
| BANK OF AMERICA, NATIONAL | § | |
| ASSOCIATION, JPMORGAN CHASE & | § | |
| CO., LIVINGSOCIAL US, LLC, LOOPT, | § | JURY TRIAL DEMANDED |
| INC., WANDERSPOT LLC, WHERE, INC., | § | |
| WOODFOREST NATIONAL BANK, YELP! | § | |
| INC., and ZILLOW, INC. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT WOODFOREST NATIONAL BANK'S REDACTED[1] NOTICE CHALLENGING PLAINTIFF'S CONFIDENTIALITY DESIGNATION OF ITS DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

On April 20, 2012, Pursuant to Local Patent Rule 3.1, Plaintiff Traffic Information, LLC served its Asserted Claims and Infringement Contentions related to Defendant Woodforest National Bank ("P.R. 3.1 PICs"). Despite all of the information contained within the P.R. 3.1 PICs being in the public domain, Plaintiff designated its P.R. 3.1 PICs as "Confidential-Outside Attorneys Eyes Only Pursuant to P.R. 2-2." Exhibit 1, filed under seal. Pursuant to the Court's Standard Protective Order entered in this case (Dkt. No. 119), Counsel for Woodforest sent a letter to Plaintiff's counsel requesting Traffic withdraw its confidential designation. Exhibit 2.

---

[1] On April 26, 2012, Woodforest filed its Notice Challenging Plaintiff's Confidentiality Designation of its P.R. 3.1 PICs. *See* Dkt. 130. Incredibly, Plaintiff objected to a sentence in the Notice, claiming the sentence disclosed Confidential – Attorneys Eyes Only information. *See* Exhibit 4, filed under seal. While Woodforest disagreed with Plaintiff's assertion of Attorneys Eyes Only, out of an abundance of caution it requested the Court seal Dkt. No. 130, which the Court did. With respect to the Notice and Exhibit 2 attached thereto (Dkt. No. 130), Woodforest has redacted the allegedly offending sentence from this Redacted Notice and from redacted Exhibit 2. *See* Exhibit 4. Other than the addition of Exhibit 4, and the redactions, this Redacted Notice is the same as the Notice filed as Dkt. No. 130.

The Parties met and conferred on April 26, but could not resolve the confidential designation. *See* Exhibit 3. Defendant has met the Court's conditions precedent to challenge Plaintiff's designation, and hereby notifies the Court that the parties could not resolve their disagreement over Plaintiff's designation.

As an initial matter, P.R. 2-2 is inapplicable because the Court's Standard Protective Order has been entered in this litigation. *See* Dkt. No. 119. P.R. 2-2 only applies if the Court has not entered a protective order. *See* P.R. 2-2. The Court's Standard Protective Order admonishes that "Protected Documents shall not include … materials that on their face show that they have been published to the general public." Dkt. No. 119. █████████ ████████████████████████████████████████████████ ████████████████████████████████████ *See* Exhibit 1. This publicly available information is exactly the type of information excluded from protection under the Court's Standard Protective Order. Indeed, there could not be any confidential information in the P.R. 3.1 PICs because documents have not been produced yet in this case.

Significantly, by placing the unwarranted restriction on the P.R. 3.1 PICs, Plaintiff's practice prevents Woodforest personnel from viewing the contentions, and unnecessarily prevents Woodforest and its counsel from discussing the P.R. 3.1 PICs with others, including the third parties implicated in the P.R. 3.1 PICs and co-defendants. Since there is no non-public information in the P.R. 3.1 PICs, Woodforest and its counsel should not need to jump through protective order hoops to show the P.R. 3.1 PICs to others. Moreover, Woodforest and its counsel should not need to get Plaintiff's approval prior to showing or discussing the public information contained in the P.R. 3.1 PICs with others. Woodforest does not believe that Plaintiff's designation is in keeping with the practice and orders of the Eastern District of Texas.

*See Fractus, SA. v. Samsung Electronics Co., Ltd., et al.*, In the United States District Court for the Eastern District of Texas, Tyler Division, No. 6:09-cv-203 (rejecting plaintiff's attempt to designate infringement contentions confidential when they contained public information). Plaintiff's practice of designating the P.R. 3.1 PICs as confidential, and failing to adequately provide Woodforest with notice of infringement in the Complaint, plainly violates the openness of the Courts.

Pursuant to the Court's Standard Protective Order, Defendant Woodforest certifies that the parties cannot reach an agreement as to Plaintiff's confidential assertion of its P.R. 3.1 PICs. *See* Dkt. No. 119 ¶ 3. As a result, Woodforest has filed this Notice with the Court.

        Respectfully submitted,

        BRACEWELL & GIULIANI LLP


        By: */s/ John F. Luman III*

        John F. Luman III
        State Bar No. 00794199
        John A. Yates
        Texas State Bar No. 24056569

        711 Louisiana, Suite 2300
        Houston, Texas 77002-2781
        Telephone: (713) 223-2300
        Telecopy:  (713) 221-1212

        ATTORNEYS FOR DEFENDANT
        WOODFOREST NATIONAL BANK

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 26, 2012, lead counsel for Traffic Information LLC and Woodforest National Bank met and conferred about Plaintiff's Confidential designation of its P.R. 3.1 PICs, and the parties could not reach an agreement on de-designation.

>/s/ John F. Luman III
> John F. Luman III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure and sealed Exhibits 1 and 4 are being served by electronic mail on the 27th day of April, 2012.

> /s/ John F. Luman III
> John F. Luman III

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that Exhibits 1 and 4 accompanying this document should be filed under seal because it contains material Plaintiff alleges is covered by the Protective Order entered in this case on April 10, 2012 (Dkt. No. 119).

> /s/ John F. Luman III
> John F. Luman III