# EXHIBIT 2

BRACEWELL & GIULIANI

Texas
New York
Washington, DC
Connecticut
Seattle
Dubai
London

John F. Luman III
Partner

713.221.1596 Office
713.437.5398 Fax

John.Luman@bgllp.com

Bracewell & Giuliani LLP
711 Louisiana Street
Suite 2300
Houston, Texas
77002-2770

April 24, 2012

By E-mail

C. Dale Quisenberry
Polasek, Quisenberry & Errington, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401

Re: Case No. 2:11-cv-00343-MHS-CMC; *Traffic Information, LLC v. Bank of America Corporation, et al.*; In the United States District Court for the Eastern District of Texas; Marshall Division

Dear Dale:

On April 20, 2012, you served Traffic Information, LLC's Asserted Claims and Infringement Contentions related to Woodforest National Bank ("PICs"). You designated the PICs as "Confidential-Outside Attorneys Eyes Only Pursuant to P.R. 2-2." We believe this designation may have been merely a remnant from some prior litigation's claim chart, and not intended to be part of the PICs in this matter. We respectfully request you remove the errant designation so we can show the PICs to our client. To the extent you actually intended the Outside Attorneys Eyes designation, Woodforest hereby challenges your designation, and any subsequent designation you may seek to put on the PICs.

First, P.R. 2-2 is inapplicable because the Court's Standard Protective Order has been entered in this litigation. *See* Dkt. No. 119. P.R. 2-2 only applies if the Court has not entered a protective order. *See* P.R. 2-2. The Court's Standard Protective Order admonishes that "Protected Documents shall not include ... materials that on their face show that they have been published to the general public." *Id.* [redacted] This is exactly the type of information excluded from protection under the Court's Standard Protective Order. Indeed, there could not be any confidential information in the PICs because documents have not been produced yet in this case.

Second, by placing the unwarranted restriction on the PICs, Plaintiff's practice prevents Woodforest personnel from viewing the contentions, and unnecessarily prevents Woodforest and its counsel from discussing the PICs with others, including [redacted]. Since there is no non-public information in the PICs, Woodforest and its counsel should not need to jump





through protective order hoops to show the PICs to others. Moreover, Woodforest and its counsel should not need to get Plaintiff's approval prior to showing the public information contained in the PICs to others or prior to discussing the content of the PICs with others. We do not believe that Plaintiff's designation is in keeping with the practice and orders of the Eastern District of Texas. *See Fractus, SA. v. Samsung Electronics Co., Ltd., et al.*, In the United States District Court for the Eastern District of Texas, Tyler Division, No. 6:09-cv-203 (rejecting plaintiff's attempt to designate infringement contentions confidential when they contained public information). Plaintiff's practice of designating the PICs confidential and failing to adequately provide Woodforest with notice of infringement in the Complaint plainly violates the openness of the Courts.

We appreciate that the Outside Attorneys Eyes Only designation may have been an oversight on your part, and if so, we look forward to your quick action removing the designation so we can show Woodforest, and others, the PICs. If, however, Plaintiff is unwilling to de-designate its PICs, please advise when you are available for a meet and confer as contemplated by the Court's Standard Protective Order.

Very truly yours,

Bracewell & Giuliani LLP

John F. Luman III

JFL/da

#4079579.1